**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BT WEARABLES LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00318-JRG |
| | § | |
| ZEPP HEALTH CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**<u>ORDER</u>**

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint for Failure

to State a Claim (the "Motion") filed by Defendant Zepp Health Corporation ("ZHC"). (Dkt. No.

44.) Having considered the Motion and related briefing, the Court finds that it should be **DENIED**

**WITHOUT PREJUDICE**.

Plaintiff BT Wearables LLC ("BT Wearables") filed its First Amended Complaint ("FAC")

against ZHC on November 4, 2025. (Dkt. No. 40.) BT Wearables alleges that ZHC infringes U.S.

Patent Nos. 9,204,796 ("the '796 patent"); 9,775,520 ("the '520 patent"); 10,362,940 ("the '940

patent"); 12,138,008 ("the '008 patent"); 10,729,336 ("the '336 patent"); 11,051,704 ("the '704

patent"); and 10,610,111 (the "'111 patent") (collectively, the "Asserted Patents"). (*Id*. at ¶ 19, 37.)

On November 18, 2025, ZHC filed the Motion under Federal Rule of Civil Procedure 12(b)(6),

asserting that "the claims [of each Asserted Patent] are directed to an abstract idea and therefore

ineligible for patent protection under 35 U.S.C. § 101." (Dkt. No. 44 at 1.)

As a threshold matter, the parties dispute whether claim construction is necessary to fully

understand the inventive concept and scope of the claim terms in the Asserted Patents. BT

Wearables asserts that the Court would benefit from claim construction because ZHC's arguments rest on whether certain limitations of the asserted claims confer eligibility, which "turns on how these limitations are construed by the Court." (Dkt. No. 45 at 5.) In particular, BT Wearables argues that at least the terms "determin[ing] whether the signals are indicative of a predefined exercise" and "comput[ing] calories burned by the person based on the signals… and the predefined exercise," as well as the limitations "housing," "processor," and "signals from the accelerometer to determine whether the signals are indicative of a predefined exercise of the person" require construction. (*Id.*) ZHC disagrees. (Dkt. No. 44 at 21-23.)

The Court is persuaded that claim construction could be of benefit in addressing the issues of eligibility of the Asserted Patents in this case. *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 767 (Fed. Cir. 2019) ("[I]n some cases the 'directed to' inquiry may require claim construction, which will often involve consideration of the specification."); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (Dismissal at this early stage is appropriate "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law."). Courts have previously noted that determining eligibility under Section 101 "at the pleading stage is permissible"; however, "those issues are often inextricably tied to claim construction." *E.g.*, *Phoenix Licensing, L.L.C. v. CenturyLink, Inc.*, No. 2:14-cv-965-JRG-RSP, 2015 WL 5786582, at *2 (E.D. Tex. Sept. 30, 2015) (noting that "the need for claim construction is especially apparent … where Defendants dispute the meaning of various terms among the various claims [they] purport[] to be representative of all Asserted Patents").

In light of the parties' claim construction disputes,[1] the Court **DENIES WITHOUT PREJUDICE** ZHC's Motion (Dkt. No. 44).

**So ORDERED and SIGNED this 2nd day of June, 2026.**

_____

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] _See MyMail, Ltd. v. ooVoo, LLC_, 934 F.3d 1373, 1375 (Fed. Cir. 2019) (finding that the "district court erred by failing to address the parties' claim construction dispute before" determining patent eligibility).